UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOMO WILLIAMS,

                              Petitioner,

            -against-                                    19-CV-2476 (CM)

JUSTICES OF NYS SUP. CT. APP. DIV. 1ST.              ORDER TO AMEND
DEPT.; OFFICE OF THE APPELLATE
DEFENDER; NYPD; NY CNTY D.A.,

                              Respondents.

COLLEEN McMAHON, Chief United States District Judge:

 Petitioner, appearing *pro se* and having paid the filing fee, brings this petition for a writ

of *habeas corpus* under 28 U.S.C. § 2254, challenging his November 26, 2013 conviction in the

New York Supreme Court, New York County. For the following reasons, the Court directs

Petitioner to file an amended petition within sixty days of the date of this order.

## STANDARD OF REVIEW

 The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under

Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a

§ 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir.

2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them

"to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original);

*see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not

exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470

F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are taken from the petition and accompanying papers: Petitioner

challenges his November 26, 2013 judgment of conviction for possession of fraudulent

documents in the New York State Supreme Court, New York County.[1] Petitioner was sentenced

to two to eight years of imprisonment, but was released from custody in 2015. Petitioner

appealed his conviction to the New York State Supreme Court Appellate Division, First

Department (Appellate Division), and on September 27, 2018, that court issued a decision

granting the Office of the Appellate Defender's request to be relieved as counsel and dismissing

the appeal.[2] (ECF No. 1 at 16.)

Petitioner brings this *habeas* action asserting the following grounds for relief: (1) he was

denied the right to directly appeal his conviction; (2) the Appellate Division improperly assigned

him counsel without his consent and then granted counsel's motion to dismiss his appeal

although counsel failed to communicate with him; and (3) he was denied the right to submit "*pro*

*se* brief arguments." (*Id.* at 10.) Petitioner would like the Court to determine that he was denied

---

[1] Petitioner has filed several *habeas* petitions first challenging his criminal proceedings and then his conviction on the same fraud charges. *See Williams v. Justices of App. Div. 1st Dep't.*, No. 14-CV-5522 (LAP) (S.D.N.Y. Jan. 6, 2015) (dismissing *habeas* grounds for failure to exhaust); *Williams v. NYCDOC Commissioner*, No. 14-CV-0088 (LAP) (S.D.N.Y. Feb. 14, 2014) (dismissing § 2254 petition for failure to exhaust); *Williams v. Rikers Island Warden,* No. 12-CV-0221 (LAP) (S.D.N.Y. Mar. 8, 2012) (dismissing challenge to pending criminal proceedings on fraud charges for failure to exhaust).

[2] The Appellate Division's decision stated that on May 31, 2016, it granted Petitioner's leave to prosecute the appeal as a poor person and assigned the Appellate Defender as counsel. (ECF No. 1 at 16.)

access to a state-court appeal for this conviction; find that his prior convictions were unconstitutional;[3] preserve all evidence in state custody that belongs to him; and grant any and all other relief that the Court "deems is just and fit." (*Id.* at 15.)

## DISCUSSION

### A.    Custody Requirement

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are " in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as " requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

*Habeas corpus* relief is not restricted only to situations in which the applicant is in actual, physical custody, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984), but it is available so long as a petitioner suffers from substantial restraints not shared by the general public, *see*, *e.g.*, *Maleng*, 490 U.S. at 491; *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)

---

[3] Petitioner has also filed multiple § 2254 *habeas* petitions challenging his convictions on burglary-related charges following two separate jury trials in the Westchester County Court in 2003. *See Williams v. Comm'r of NYSDOC*, No. 07-CV-5496 (WHP) (FM) (S.D.N.Y. Dec. 12, 2011) (denying *habeas* petition challenging 2003 Westchester County burglary conviction); *Williams v. NYSDOC.*, No. 07-CV-5514 (WHP) (FM) (S.D.N.Y. Dec. 12, 2011) (same); *Williams v. Pataki*, No. 07-CV-1082 (S.D.N.Y. Feb. 14, 2007) (dismissing § 2254 petition challenging burglary-related convictions for failure to exhaust); *Williams v. Allard*, No. 05CV-435 (MBM) (S.D.N.Y. Jan. 14, 2005) (same); *Williams v. Pelzer*, No. 05-CV-8241 (MBM) (S.D.N.Y. Sept. 26, 2005) (same). Petitioner continues to contend that the 2003 convictions are unconstitutional and to seek to overturn them. As this petition ostensibly challenges Petitioner's 2013 conviction for fraud, the Court declines to address any claims with respect to Petitioner's 2003 convictions.

("The custody requirement of the *habeas corpus* statute is designed to preserve the writ of *habeas corpus* as a remedy for severe restraints on individual liberty."). Courts have allowed state petitioners on bail, parole, supervised release, and those released on their own recognizance who are subjected to restraints to pursue such petitions. *See, e.g., Hensley*, 411 U.S. at 351 (a petitioner who has been released on his own recognizance pending execution of his sentence is "in custody" because he is "subject to restraints not shared by the public generally"); *Nowakowski*, 835 F.3d at 217 (one-year conditional discharge requiring performance of one day of community service is sufficient restraint on liberty to satisfy the custody requirement); *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'"). But "once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted).

Petitioner asserts that he is no longer in custody under the November 26, 2013 conviction he seeks to challenge. He does not allege facts showing that he is subject to restraints on his liberty that render him "in custody" within the meaning of § 2254. For example, Petitioner does not allege that he is required to be physically present at particular times or locations, or that he is exposed to "future adverse consequences on discretion of the supervising court." *Nowakowski*, 835 F.3d at 216. Because Petitioner does not allege that he "suffers [a] present restraint from [his] conviction" or that his liberty is curtailed in any way as a result of his 2013 conviction, he does not appear to be in custody and therefore cannot challenge that conviction in a § 2254 petition. *Maleng*, 490 U.S. at 492.

## B.     Exhaustion of State-Court Remedies

Even if Petitioner is able to meet the "in custody" statutory requirement, he fails to show that he has fully exhausted his state-court remedies. A petitioner bringing a § 2254 *habeas corpus*

petition must exhaust all available state-court remedies before filing his petition. *See* 28 U.S.C.

§ 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that

the state courts must be given the first opportunity to review constitutional errors associated with

the petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner

may satisfy the exhaustion requirement by fairly presenting his claims through a state's

established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he

has 'informed the state court of both the factual and legal premises of the claim he asserts in

federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney*

*General*, 696 F.2d 186, 191 (2d Cir. 1982)).

To exhaust state-court remedies for the purpose of *habeas corpus* review, a person

convicted in a New York State trial court must appeal his judgment of conviction in the New

York Supreme Court, Appellate Division. N.Y. Crim. Proc. Law § 460.70. Should that court's

decision adversely affect that person, he should then seek leave to appeal in the New York Court

of Appeals, the highest New York State court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d

890, 892 (2d Cir. 1964). Should the person intend to raise for § 2254 *habeas corpus* relief any

grounds he previously raised in motions under N.Y. Crim. Proc. Law § 440.10, he must exhaust

his available state-court remedies by seeking leave to appeal the denial of his § 440.10 motions

in the Appellate Division. *See Ramos v. Walker* , 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000).

Petitioner does not allege that he has fully exhausted in the state courts the issues he

raises for purpose of *habeas corpus* review. Petitioner submitted a direct appeal to the Appellate

Division that was dismissed on September 27, 2018. But he asserts that he did not perfect his

direct appeal by seeking leave to appeal in the New York Court of Appeal because he "was

intentionally given [the] decision late so [he] could not appeal." (ECF No. 1 at 2.) The Court

does not understand Petitioner's statement and he provides no explanation. Because Petitioner did not seek leave to appeal in the New York Court of Appeals, he does not appear to have fully exhausted his state-court remedies before commencing this action.[4]

## C.    Leave to Amend Petition

The Court grants Petitioner leave to submit an amended petition within sixty days of the date of this order. Should Petitioner decide to file an amended petition, he must allege facts to show why this application should not be denied because he does not meet the in custody statutory requirement. Petitioner should allege any facts indicating that as a result of his November 26, 2013 conviction, he suffers from substantial restraints not shared by the general public.

In addition, Petitioner must clearly state in the amended petition his grounds for relief and supporting facts and detail the steps he has taken to exhaust them fully in the New York courts. As well as meeting the in custody requirement, Petitioner must show that he has exhausted all available state-court remedies in order to proceed with this petition.[5] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

---

[4] Petitioner indicates that while his appeal was pending in the Appellate Division, he filed multiple motions in the state courts, including in the New York Court of Appeal. But those motions were filed before the Appellate Division's dismissal of the appeal. Further, Petitioner does not allege that he raised any of his grounds for relief in those post-conviction motions and that he fully exhausted those filings.

[5] Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as an "Amended Petition" and be labelled with docket number 19-CV-2476 (CM). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  July 3, 2019
        New York, New York

_____
            COLLEEN McMAHON
        Chief United States District Judge

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

9.  **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
| --- | --- |

| Name (under which you were convicted): | Docket or Case No.: |
| --- | --- |

| Place of Confinement : | Prisoner No.: |
| --- | --- |

| Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner) |
| --- |
| v. |

| The Attorney General of the State of |
| --- |

## AMENDED
## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  In this case, were you convicted on more than one count or of more than one crime?  ❑ Yes  ❑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ❑ (1)   Not guilty         ❑ (3)   Nolo contendere (no contest)

    ❑ (2)   Guilty             ❑ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury     ❒ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes     ❒ No

8.     Did you appeal from the judgment of conviction?

❒ Yes     ❒ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❒ Yes     ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?　　❑　Yes　　❑　No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.　Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?　　❑　Yes　　❑　No

11.　If your answer to Question 10 was "Yes," give the following information:

(a)　(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑　Yes　　❑　No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes ❏ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes      ❏  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      ❏  Yes      ❏  No

(2)  Second petition:      ❏  Yes      ❏  No

(3)  Third petition:      ❏  Yes      ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❑  Yes     ❑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑  Yes     ❑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❑  Yes     ❑  No

(4) Did you appeal from the denial of your motion or petition?     ❑  Yes     ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❑  Yes     ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes          ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

              ❏  Yes          ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)        **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❐   Yes        ❐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐   Yes        ❐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ❐   Yes        ❐   No

(4) Did you appeal from the denial of your motion or petition?        ❐   Yes        ❐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ❐   Yes        ❐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒  Yes    ❒  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❒  Yes    ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ❏     Yes          ❏   No

(4) Did you appeal from the denial of your motion or petition?                            ❏     Yes          ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏     Yes          ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

          have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❏ Yes        ❏ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ❏ Yes        ❏ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ❏ Yes        ❏ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?          ❏    Yes        ❏    No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:

        (c) Give the length of the other sentence:

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?          ❏    Yes        ❏    No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

   (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

       (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

       (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.