UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOMO WILLIAMS, | |
| Petitioner, | |
| -against- | 19-CV-2476 (CM) |
| JUSTICES OF NYS SUP. CT. APP. DIV. 1ST. DEPT.; OFFICE OF THE APPELLATE DEFENDER; NYPD; NY CNTY D.A., | ORDER OF DISMISSAL |
| Respondents. | |

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, appearing *pro se*, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his November 26, 2013 conviction in the New York Supreme Court, New York County. By order dated July 3, 2019, the Court granted Petitioner sixty days' leave to submit an amended petition. On September 9, 2019, the Court received from Petitioner a declaration requesting that the Court stay this action. For the following reasons, the Court denies the petition.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's July 3, 2019 order. In the July 3, 2019 order, the Court determined that because Petitioner was no longer in custody under the November 26, 2013 conviction, he did not meet the "in custody" requirement and could not challenge his conviction in a § 2254 petition. (ECF No. 4, 4.) The Court also determined that even if Petitioner could satisfy the "in custody" requirement for a *habeas corpus* action, he failed to show that he had fully exhausted his state-court remedies before filing the petition. (*Id*. at 4-5.) But the Court granted Petitioner sixty days' leave to amend his petition to show that he meets the "in custody" requirement – that is, that as a result of his conviction, he continues to suffer from substantial restraints not shared by the

general public. (*Id*. at 6.) In addition, the Court directed Petitioner to show that he had exhausted all of his available state-court remedies.

In his declaration, Petitioner does not address the Court's determination that he was not in custody and could not challenge his November 26, 2013 conviction. Rather, he asserts problems with his appeals and post-conviction motions in the state courts and requests that the Court hold this petition in abeyance until he is able to resolve his state-court issues and fully exhaust his claims.

## DISCUSSION

Because it is clear that Petitioner is no longer in custody pursuant to his November 26, 2013 conviction, the Court denies this petition for a writ *habeas corpus* under 28 U.S.C. § 2254. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("[R]equiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed."). As the Court has no jurisdiction over this matter, it must deny Petitioner's request for a stay of this petition.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Court denies the petition and all other pending matters are terminated. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperi*s status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge