```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JOMO WILLIAMS,<br><br>                    Petitioner,<br><br>         -against-<br><br>JUSTICES OF NYS SUP. CT. APP. DIV. 1ST DEPT.; OFFICE OF THE APPELLATE DEFENDER; NYPD; NY CNTY D.A.,<br><br>                    Respondents. | 19-CV-2476 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner, appearing *pro se*, filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his November 26, 2013 conviction in the New York Supreme Court, New York County. On July 3, 2019, the Court granted Petitioner sixty days' leave to amend his petition to show that he meets the "in custody" requirement – that is, that as a result of his conviction, he continues to suffer from substantial restraints not shared by the general public. (ECF No. 4, 6.) The Court also directed Petitioner to show that he had exhausted all of his available state-court remedies. After receiving from Petitioner a declaration that failed to address the Court's determination that he was not in custody (ECF No. 5), on September 24, 2019, the Court denied the petition for lack of jurisdiction (ECF No. 6). On November 4, 2019, Petitioner filed a motion for reconsideration under Fed. R. Civ. P. 59 and 60. For the reasons set forth below, the Court grants Petitioner's motion for reconsideration.

## DISCUSSION

**A.    Motion under Rule 59(e) and Local Civil Rule 6.3**

      The Court liberally construes Petitioner's general request for relief under Fed. R. Civ. P. 59 as a motion under Rule 59(e) to alter or amend judgment and a motion under Local Civil Rule

6.3 for reconsideration. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

A motion for relief under Rule 59(e) must be brought within 28 days of the date of the entry of the judgment being challenged, and a motion under Local Civil Rule 6.3 must be filed within fourteen days of date of entry of order or judgment unless otherwise specified in Fed. R. Civ. P. 50, 52, or 59. The applicable period for Petitioner to seek relief under Local Civil Rule 6.3 and Rule 59(e) expired on or about October 4, 2019, and October 22, 2019 respectively – 14 and 28 days after the judgment dismissing this action was entered. The Court received the motion on November 4, 2019. As Fed. R. Civ. P. 6(b)(2) provides that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)," the Court cannot extend Petitioner's time limit to file a Rule 59(e) or Local Civil Rule 6.3 motion, not even for excusable neglect, *see Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 401 (2d Cir. 2000) (finding that Rule 6(b) denies the court the authority to extend the time for a Rule 59(e) motion).

**B.     Motion under Rule 60(b)**

The Court also treats Petitioner's general request for relief under Fed. R. Civ. P. 60 as a motion for reconsideration under Rule 60(b). Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court dismissed this action for lack of jurisdiction because it was clear that Petitioner was no longer in custody pursuant to his November 26, 2013 conviction, and he alleged no facts indicating that as a result of his conviction, he continued to suffer substantial restraints not shared by the general public. (*See* ECF No. 6, 1-2.) But Petitioner now asserts in his motion for reconsideration that he is suffering the consequences of an unlawful conviction, for example, his conviction was used by the Social Security Administration to discredit him when he applied to act as the legal guardian for his mother, a social security beneficiary. He also claims that his conviction could be used against him to enhance future criminal sentences. Petitioner further asserts that despite his diligence, the state courts have hindered his efforts to seek relief from his conviction.

Because it is unclear from Petitioner's submissions whether he remains exposed to "future adverse consequences on discretion of the supervising court" or other authority, *see Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016), in an abundance of caution, the Court will reopen this matter for further proceedings. The Court therefore grants Petitioner's motion for reconsideration under Rule 60(b) and directs the Clerk of Court to vacate the Court's September 24, 2019 order and judgment, and reopen this matter.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court grants Petitioner's motion for reconsideration under Rule 60(b). The Clerk of Court is further directed to vacate the Court's September 24, 2019 order and judgment (ECF Nos. 6 and 7) and reopen this action for further proceedings.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 17, 2020
        New York, New York

                                                           COLLEEN McMAHON
                                         Chief United States District Judge