UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOMO WILLIAMS,

                           Petitioner,

                           -v.-

JUSTICES OF NYS SUP. COURT, *et al.*,

                           Respondents.

19 Civ. 2476 (KPF)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

Pending before the Court is the July 16, 2020 Report and Recommendation from United States Magistrate Stewart D. Aaron (the "Report" (Dkt. #22), attached), addressing Petitioner Jomo Williams's petition for writ of *habeas corpus*. Judge Aaron recommends that Williams's petition be dismissed in its entirety.

The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

**BACKGROUND**

The relevant facts underlying this action are set forth in the Report, and the Court assumes familiarity with them. A brief overview is set forth herein, drawing from the recitation of the facts in the Report (*see* Report 1-4), as well as from entries in the public docket.

On October 29, 2013, following a trial in New York County Supreme Court, a jury found Williams guilty of criminal possession of a forged instrument in the second degree. (Dkt. #20-2 at 10; Report 1). On

November 16, 2013, Williams was sentenced to an indeterminate prison term of 3 to 6 years. (Report 1). Williams filed a timely notice of appeal, and on May 31, 2016, the Office of the Appellate Defender was assigned to represent him. (Dkt. #20-2 at 23; Report 2). In the intervening time, on July 7, 2015, Williams was released to parole supervision. (Dkt. #20-2 at 12; Report 2). On July 7, 2016, shortly after the appointment of appellate counsel, Williams was discharged from parole supervision. (Dkt. #20-2 at 13; Report 2).

Two years later, on July 11, 2018, because appellate counsel had been unable to communicate with Williams regarding his appeal, counsel moved to be relieved or, in the alternative, to dismiss the appeal without prejudice. (Dkt. #20-2 at 26-27; Report 2). On September 27, 2018, the Appellate Division granted the motion, relieving the Office of the Appellate Defender as counsel and dismissing Williams's appeal. (Dkt. #20-2 at 31; Report 2).

Williams filed the instant Petition for *habeas corpus* pursuant to 28 U.S.C. § 2254 on March 14, 2019, alleging, *inter alia*, that he was denied the right to appeal his conviction. (Dkt. #1; Report 3).[1] On July 3, 2019, Chief Judge Colleen McMahon entered an Order to Amend, noting that Williams did not appear to be "in custody" within the meaning of § 2254, but granting

---

[1] Prior to filing this Petition, Williams filed several other *habeas* petitions, first challenging his criminal proceedings and then his conviction on the same fraud charges. (Dkt. #4 at 2 n.1 (citing *Williams* v. *Justices of App. Div. 1st Dep't.*, No. 14 Civ. 5522 (LAP) (S.D.N.Y. Jan. 6, 2015); *Williams* v. *NYCDOC Comm'r*, No. 14 Civ. 88 (LAP) (S.D.N.Y. Feb. 14, 2014); *Williams* v. *Rikers Island Warden*, No. 12 Civ. 221 (LAP) (S.D.N.Y. Mar. 8, 2012)).

him sixty days to amend his petition to show that he met the custody requirement. (Dkt. #4 at 3-4, 6; Report 3 n.2).[2]

On September 9, 2019, Williams filed a declaration requesting that the Court stay this action. (Dkt. #5). Chief Judge McMahon denied the Petition on September 24, 2019, for lack of jurisdiction because Williams had failed to address the custody requirement in his declaration. (Dkt. #6 at 2; Report 3). On November 4, 2019, Petitioner filed a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60. (Dkt. #8). On January 17, 2020, Chief Judge McMahon granted Petitioner's motion for reconsideration out of "an abundance of caution," explaining that "it is unclear from Petitioner's submissions whether he remains exposed to 'future adverse consequences on discretion of the supervising court' or other authority." (Dkt. #10 at 3 (quoting *Nowakowski* v. *New York*, 835 F.3d 210, 216 (2d Cir. 2016))).

On January 22, 2020, the case was reassigned to this Court. (Minute Entry for January 22, 2020; Report 3). The next day, the Court ordered Respondents to answer Williams's petition (Dkt. #13; Report 4), and referred the matter to Magistrate Judge Aaron (Dkt. #12; Report 3-4). On May 1, 2020, Respondents filed this motion to dismiss, arguing that the Court lacked jurisdiction because Williams was not in custody when he filed the Petition. (Dkt. #20; Report 4). On May 7, 2020, Judge Aaron ordered

---

[2] With respect to the "in custody" requirement, the Order to Amend explained: "Because Petitioner does not allege that he 'suffers [a] present restraint from [his] conviction' or that his liberty is curtailed in any way as a result of his 2013 conviction, he does not appear to be in custody and therefore cannot challenge that conviction in a § 2254 petition." (Dkt. #4 at 4 (alterations in original) (citing *Maleng* v. *Cook*, 490 U.S. 488, 492 (1989))).

3

Williams to respond to the motion on or by June 30, 2020 (Dkt. #21; Report 4), which Williams failed to do.  (Report 4).

On July 16, 2020, Judge Aaron issued the Report and recommended that the Court dismiss the Petition in its entirety.  (Report 7).  Noting that Williams was no longer in physical custody and had no direct restraints on his liberty, Judge Aaron assessed whether, on March 14, 2019, the date Williams filed the Petition, "there were any severe restraints on Petitioner's individual liberty so as to satisfy the custody requirement."  (Report 5).  Although Williams did not file any opposition to Respondent's motion to dismiss, Judge Aaron considered arguments advanced by Williams in prior filings.  In his motion for reconsideration, Williams argued that four "collateral legal consequences" satisfied the custody requirement: (i) the conviction could be used in future proceedings to enhance sentencing; (ii) the conviction renders him unable to serve on a jury; (iii) he was denied a veteran's vendor license by the New York City Department of Consumer Affairs; and (iv) his conviction was cited by the Department of Social Security in denying his application to become guardian for his mother.  (*See* Dkt. #8 at 4; Report 5).  Judge Aaron ultimately found that these collateral consequences did not satisfy the custody requirement.  (Report 5).

Specifically, Judge Aaron reasoned that the Supreme Court has already explained that "'once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'"  (Report 6 (quoting *Maleng* v. *Cook*, 490 U.S. 488, 492 (1989))).  As a result, Judge Aaron determined that the collateral

4

consequences Williams raised, such as the "'inability to become a citizen, vote, engage in certain businesses, hold public office, or serve as a juror' and 'increased future sentences,' are not sufficient to render an individual 'in custody.'"  (Report 6 (quoting *Rodriguez* v. *Attorney Gen.*, No. 10 Civ. 3868 (PGG) (JLC), 2011 WL 519591, at *5 (S.D.N.Y. Feb. 15, 2011), *report and recommendation adopted*, 2011 WL 3875328 (S.D.N.Y. Sept. 2, 2011))).  Judge Aaron further concluded that the other collateral consequences raised by Williams did not implicate his physical liberty and, as such, did not render him "in custody" within the meaning of § 2254.  (Report 6 (citing *Nowakowski*, 835 F.3d at 216)).  Because Williams was not in custody at the time that his petition was filed, Judge Aaron recommended that this Court find that it lacks jurisdiction to hear this case.  (*Id.*).

Objections to the Report were due on or before July 30, 2020.  (Report 7).  Neither party filed objections to the Report.

## DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous.  *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted).  A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'"  *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum*

5

*Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*, No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Because Williams has not filed an objection to the Report, he has waived his right to object and to obtain appellate review. Even so, the Court has reviewed the Report and finds that its reasoning is sound and it is grounded in fact and law. Having reviewed the record, the Court finds no clear error and adopts the Report in its entirety.

## CONCLUSION

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Aaron's well-reasoned Report and hereby adopts its reasoning by reference. Accordingly, it is ordered that the Petition is DISMISSED with prejudice.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   August 11, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Jomo Williams
3333 Broadway D10G
New York, NY 10031

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jomo Williams,

                         Petitioner,

         -against-

Justices of NYS Sup. Ct., et al.,

                         Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2020

1:19-cv-02476 (KPF) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE KATHERINE POLK FAILLA, UNITED STATES DISTRICT JUDGE:**

### INTRODUCTION

*Pro se* Petitioner Jomo Williams ("Williams" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1, at 1.) Currently before the Court is a motion by Respondents to dismiss the Petition on the ground that Petitioner was not in custody at the time the Petition was filed. (Resps.' Not. of Mot., ECF No. 20.) For the reasons set forth below, I respectfully recommend that Respondent's motion be GRANTED.

### BACKGROUND

On October 29, 2013, following a trial in New York County Supreme Court, a jury found Williams guilty of second-degree criminal possession of a forged instrument. (*See* Rambaud Decl. Ex. 1, ECF No. 20-2, at 10 of 31.) On November 16, 2013, the state court entered a judgment of conviction against Williams and he was sentenced, as a second felony offender, to an indeterminate prison term of from 3 to 6 years. (*See id*; *see also* Rambaud Decl., ECF No. 20-1, ¶ 1.)

Williams appealed his conviction and, on April 17, 2014, the Appellate Division, First Department, denied his motion to proceed *in forma pauperis*, but granted him leave to renew the motion upon submission of an affidavit demonstrating his indigency. (Rambaud Decl. Ex. 3, ECF No. 20-2, at 21 of 31.) On July 7, 2015, Williams was released to parole supervision. (Rambaud Decl. Ex. 2, ECF No. 20-2, at 12 of 31.)

Williams renewed his motion to proceed *in forma pauperis* on appeal and, on May 31, 2016, the Appellate Division granted the motion and assigned the Office of the Appellate Defender to represent him on the appeal. (Rambaud Decl. Ex. 4, ECF No. 20-2, at 23 of 31.) On July 7, 2016, Williams was discharged from parole supervision. (Rambaud Decl. Ex. 2, ECF No. 20-2, at 13 of 31 (listing Parole Board Discharge Date of 07/07/2016), 19 of 31 (stating, with respect to the Parole Board Discharge Date: "The parolee's sentence is deemed completed as of this date.").)

On July 11, 2018, Williams's appellate counsel moved to be relieved or, in the alternative, to dismiss the appeal without prejudice on the ground that counsel had been unable to communicate with Williams regarding the appeal despite repeated attempts to contact him by mail at the New York City address "contained in case records, and provided to [counsel] by parole." (Rambaud Decl. Ex. 5, ECF No. 20-2, at 27 & 28 of 31, ¶¶ 3-4.) On September 27, 2018, the Appellate Division granted the motion, relieving the Office of the Appellate Defender as counsel and dismissing the appeal. (Rambaud Decl. Ex. 6, ECF No. 20-2, at 31 of 31.)

On March 14, 2019, Williams filed a Petition in this Court alleging, among other things, that he was denied the right to appeal his conviction.[1] (Pet., ECF No. 1.) On July 3, 2019, Chief Judge McMahon entered an Order to Amend, granting Williams sixty days to amend his Petition to show that he met the "in custody" requirement of the relevant statute.[2] (Order to Amend at 6.)

On September 24, 2019, Chief Judge McMahon denied the Petition for lack of jurisdiction after Petitioner filed a declaration that failed to address the custody requirement. (*See* 9/24/19 Order, ECF No. 6, at 2.) On November 4, 2019, Petitioner filed a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60. (Pet.'s Mot. for Reconsid., ECF No. 8.) On January 17, 2020, Judge McMahon granted Petitioner's motion "[b]ecause it is unclear from Petitioner's submissions whether he remains exposed to 'future adverse consequences on discretion of the supervising court' or other authority, . . . in an abundance of caution, the Court will reopen this matter for further proceedings." (1/17/20 Order, ECF No. 10, at 3) (quoting *Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016)).)

On January 22, 2020, this case was reassigned to Judge Failla. On January 23, 2020, Judge Failla referred this case to me for a report and recommendation as to its disposition. (*See* Order

---

[1] As noted by Judge McMahon in her Order to Amend in this case, the Petition now before the Court is not the first relating to the state court proceedings. "Petitioner has filed several habeas petitions first challenging his criminal proceedings and then his conviction on the same fraud charges." (Order to Amend, ECF No. 4, at 2 n.1 (citing *Williams v. Justices of App. Div. 1st Dep't.*, No. 14-CV-05522 (LAP) (S.D.N.Y. Jan. 6, 2015); *Williams v. NYCDOC Commissioner*, No. 14-CV-00088 (LAP) (S.D.N.Y. Feb. 14, 2014); *Williams v. Rikers Island Warden*, No. 12-CV-00221 (LAP) (S.D.N.Y. Mar. 8, 2012).)

[2] With respect to the "in custody" requirement, the Order to Amend stated, in part: "Because Petitioner does not allege that he 'suffers [a] present restraint from [his] conviction' or that his liberty is curtailed in any way as a result of his 2013 conviction, he does not appear to be in custody and therefore cannot challenge that conviction in a § 2254 petition." (Order to Amend at 4 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).)

3

of Reference, ECF No. 12.) Also on January 23, 2020, Respondents were ordered to answer the Petition. (Order to Answer, ECF No. 13.)

On May 1, 2020, Respondents filed the instant motion to dismiss the Petition on the ground that Williams was not in custody at the time that he filed his Petition and that the Court thus lacked jurisdiction. (*See* Resps.' Not. of Mot.) On May 7, 2020, I issued an Order requiring Williams to respond to the motion no later than June 30, 2020. (5/7/2020 Order, ECF No. 21.) To date, Williams has not filed any response.

## **LEGAL STANDARDS**

The United States district courts have jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91; *see also Nowakowski*, 835 F.3d at 215 ("In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed." (citations omitted)).

Habeas corpus relief is not restricted to situations in which the applicant is in actual, physical custody. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984). Rather, it generally is available so long as a petitioner suffers from substantial restraints not shared by the public. *See Maleng*, 490 U.S. at 491; *see also Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."). A court assesses the

severity of the restraint on liberty by examining "the nature, rather than the duration, of the restraint." *Nowakowski*, 835 F.3d at 216. Courts have found the custody requirement to be met when there was a requirement for "petitioners to appear in certain places at certain times, thus preventing them from exercising the free movement and autonomy available to the unrestricted public, or exposed them to future adverse consequences on discretion of the supervising court." *Nowakowski*, 835 F.3d at 216 (quoting *Hensley*, 411 U.S. at 351).

## DISCUSSION

Petitioner no longer is in actual, physical custody, as he was released to parole supervision on July 7, 2015. (Rambaud Decl. Ex. 2, ECF No. 20-2, at 12 of 31.) Moreover, he no longer has any direct restraints on his liberty, as he was discharged from parole supervision on July 7, 2016. (*Id*. at 13 of 31.) Thus, the Court must assess whether, on March 14, 2019, the date the Petition was filed, there were any severe restraints on Petitioner's individual liberty so as to satisfy the custody requirement.

Although Petitioner has not filed any response to Respondent's motion to dismiss, Petitioner, in his motion for reconsideration previously filed in this case, set forth four "collateral legal consequences" that he contended satisfied the custody requirement: (1) the conviction could be used in future proceedings to enhance sentencing; (2) the conviction renders him unable to serve on a jury; (3) he was denied a veteran's vendor license by the New York City Department of Consumer Affairs; and (4) his conviction was cited by the Department of Social Security in denying his application to become guardian for his mother.[3] (*See* Pet.'s Mot. for Reconsid. at 4.)

---

[3] In his motion for reconsideration, Respondent suggested that there were other collateral consequences (*see* Pet.'s Mot. for Reconsid. at 4 (referring to "INTER ALIAS COLLATERAL LEGAL CONSEQUENCES")), but did not specify what they were. Since Petitioner has not responded to Respondents' motion to dismiss,

5

These collateral consequences do not satisfy the custody requirement. The Supreme Court has made clear that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Thus, collateral consequences such as the "inability to become a citizen, vote, engage in certain businesses, hold public office, or serve as a juror" and "increased future sentences," are not sufficient to render an individual "in custody." *Rodriguez v. Attorney Gen.*, No. 10-CV-03868 (PGG) (JLC), 2011 WL 519591, at *5 (S.D.N.Y. Feb. 15, 2011), *report and recommendation adopted*, 2011 WL 3875328 (S.D.N.Y. Sept. 2, 2011); s*ee also Maleng*, 490 U.S. at 492 (habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted").

The other consequences alleged by Petitioner, his inability to obtain a vendor license and to act as a guardian for his mother, also do not implicate his physical liberty and, as such, did not render him "in custody." *See Nowakowski*, 835 F.3d at 216. Since Petitioner was not in custody at the time that his Petition was filed, the Court lacks jurisdiction over this case.

---

the Court can only address in this report and recommendation the collateral consequences raised in Petitioner's motion for reconsideration.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Respondent's motion to dismiss be GRANTED and the Petition be dismissed in its entirety. My Chambers shall mail this Report and Recommendation to *pro se* Plaintiff at the address indicated on the docket.

DATED:   July 16, 2020
         New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*                \*                \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Failla.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).