

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOMO WILLIAMS

Write the full name of each plaintiff or petitioner.

Case No. 19 CV 2476

-against-

JUSTICES OF NYS SUPREME CT.;
ET.AL.

Write the full name of each defendant or respondent.

NOTICE OF MOTION

FOR EXT. TIME & COUNSEL

PLEASE TAKE NOTICE that PLAINTIFF JOMO WILLIAMS
plaintiff or defendant — name of party who is making the motion

requests that the Court:
EXTEND TIME FOR PLAINTIFF TO FILE PAPERS

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law
☒ my own declaration, affirmation, or affidavit
☐ the following additional documents:

9/28/2020
Dated

Signature

JOMO WILLIAMS
Name

Prison Identification # (if incarcerated)

3333 BROADWAY D10G   NY   NY   10031
Address   City   State   Zip Code

6463778066   JOMOWILLIAMS@YMAIL.COM
Telephone Number (if available)   E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOMO WILLIAMS

Fill in above the full name of each plaintiff or petitioner.

Case No. 19 CV 2476

-against-

JUSTICES OF NYS SUPREME COURT;
ET.AL.

Fill in above the full name of each defendant or respondent.

## DECLARATION

MOTION FOR EXTENSION OF TIME AND APPOINTMENT OF COUNSEL.

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, JOMO WILLIAMS, declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

1) JULY 2020 (YR) MOTHER SUFFERED AN STROKE THAT TOOK AWAY HER ABILITY TO SPEAK; EAT; AND PARALYZED HER LEFT SIDE OF BODY (SEE: WILLIAMS V BSREP, ET.AL.,(SDNY 20CV7199)).

2) THERE AFTER, UNDER ADVICE OF DOCTORS I HAD PLACED HER IN REHAILITATION; BUT DUE TO COVID VISITATION RESTRICTIONS WAS NOT ABLE TO VISIT HER.

3) THUS IN ABSENCE OF FAMILY OVER SIGHT THE MEDICAL SYSTEM HAD NEGLECTED AND ABUSED MOTHER ALLOWING LIFE ENDING BEDSORES TO DEVELOPE THAT HOSPITALS ARE NOW SAYING SHE IS " ACTIVELY DYING" FROM.

4) i HAVE ALSO BEEN PREOCCUPIED WITH MY SON'S MATTER THAT NYSDOC, HAD PLANTED A PRISON CONTRAND ON IN RETALIATION FAMILY AND LAWYERS ADVOCATING IN HIS BEHALF OVER THE SUMMER.

5) ALSO PRESENTLY I AM UNDER PRESCRIPTION OF ANTIBIOTICS & PAIN MEDS.

6) ET.AL. MATTERS ARE TO OVERWHELMING MY EFFORTS TO BE EFFECTIVE IN THE INSTANT MATTER.

WHEREFORE I REQUEST THAT THE COURT EXTEND TIME TO FILE PAPERS AND APPOINT THE PLAINTIFF COUNSEL.

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| --- | --- |
| JOMO WILLIAMS | |
| Name | Prison Identification # (if incarcerated) |
| 3333 BROADWAY D10G | NY / NY / 10031 |
| Address | City / State / Zip Code |
| 6463778066 | JOMOWILLIAMS@YMAIL.COM |
| Telephone Number (if available) | E-mail Address (if available) |

Plaintiff's request for an extension of time is GRANTED.  Plaintiff shall file his motion papers on or by November 9, 2020.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for an indigent litigant.  *Id.*  In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for pro bono counsel.  802 F.2d at 61-62.  The court must consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61.  If this threshold requirement is met, the court must next consider such factors as: "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.*  After careful review of Plaintiff's filings in this case, as well as Magistrate Judge Aaron's well reasoned and thorough report and recommendation, the Court does not believe that a request for *pro bono* counsel is warranted at this time.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

Dated:    September 30, 2020          SO ORDERED.
          New York, New York

*(signature: Katherine Polk Failla)*

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE