UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOMO WILLIAMS,

                Petitioner,

                -v.-

JUSTS. OF N.Y. STATE SUP. CT. APP. DIV.
1ST DEP'T; OFFICE OF THE APPELLATE
DEF.; N.Y. POLICE DEP'T; N.Y. CNTY. D.A.,

                Respondents.

19 Civ. 2476 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

        By Opinion and Order dated August 11, 2020, the Court adopted the July 16, 2020 Report and Recommendation from United States Magistrate Judge Stewart D. Aaron (the "Report" (Dkt. #22)), dismissing Petitioner Jomo Williams's petition for a writ of habeas corpus (the "Petition"). *Williams* v. *Justs. of N.Y. State Sup. Ct.*, No. 19 Civ. 2476 (KPF), 2020 WL 4671578, at *1 (S.D.N.Y. Aug. 11, 2020) ("*Williams I*"). Now before the Court is Petitioner's motion for reconsideration of the Court's adoption of the Report in *Williams I* and its concurrent dismissal of his Petition for lack of jurisdiction. For the reasons set forth below, the Court determines that reconsideration is warranted, but after considering Petitioner's objections to the Report, it overrules those objections on the merits, adopts the Report, and dismisses the Petition.

# BACKGROUND [1]

The relevant facts underlying this action are set forth in the Report and *Williams I*. Certain of this information is reproduced here for the convenience of the reader:

> Williams filed the instant Petition for habeas corpus pursuant to 28 U.S.C. § 2254 on March 14, 2019, alleging, among other things, that he was denied the right to appeal his conviction. (Dkt. #1; Report 3). On July 3, 2019, Chief Judge Colleen McMahon entered an Order to Amend, noting that Williams did not appear to be "in custody" within the meaning of § 2254, but granting him sixty days to amend his petition to show that he met the custody requirement. (Dkt. #4 at 3-4, 6; Report 3 n.2).
>
> On September 9, 2019, Williams filed a declaration requesting that the Court stay this action. (Dkt. #5). Chief Judge McMahon denied the Petition on September 24, 2019, for lack of jurisdiction because Williams had failed to address the custody requirement in his declaration. (Dkt. #6 at 2; Report 3). On November 4, 2019, Petitioner filed a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60. (Dkt. #8). On January 17, 2020, Chief Judge McMahon granted Petitioner's motion for reconsideration out of "an abundance of caution," explaining that "it is unclear from Petitioner's submissions whether he remains exposed to 'future adverse consequences on discretion of the supervising court' or other authority." (Dkt. #10 at 3 (quoting *Nowakowski* v. *New York*, 835 F.3d 210, 216 (2d Cir. 2016))).
>
> On January 22, 2020, the case was reassigned to this Court. (Minute Entry for January 22, 2020; Report 3). The next day, the Court ordered Respondents to answer Williams's petition (Dkt. #13; Report 4), and referred the matter to Magistrate

---

[1] The relevant facts underlying this action are set forth in the Report, and the Court assumes familiarity with them. A brief overview is set forth herein, drawing from the recitation of the facts in the Report (*see* Report 1-4), as well as from entries in the public docket. For convenience, the Court refers to Petitioner's letter brief in support of his motion for reconsideration as "Pet. Br." (Dkt. #29), and Petitioner's supplemental addendum to his brief in support of his motion as "Pet. Supp." (Dkt. #31).

2

Judge Aaron (Dkt. #12; Report 3-4). On May 1, 2020, Respondents filed [a] motion to dismiss, arguing that the Court lacked jurisdiction because Williams was not in custody when he filed the Petition. (Dkt. #20; Report 4). On May 7, 2020, Judge Aaron ordered Williams to respond to the motion on or by June 30, 2020 (Dkt. #21; Report 4), which Williams failed to do. (Report 4).

On July 16, 2020, Judge Aaron issued the Report and recommended that the Court dismiss the Petition in its entirety. (Report 7). Noting that Williams was no longer in physical custody and had no direct restraints on his liberty, Judge Aaron assessed whether, on March 14, 2019, the date Williams filed the Petition, "there were any severe restraints on Petitioner's individual liberty so as to satisfy the custody requirement." (Report 5). Although Williams did not file any opposition to Respondent's motion to dismiss, Judge Aaron considered arguments advanced by Williams in prior filings. In his [November 4, 2019] motion for reconsideration, Williams argued that four "collateral legal consequences" satisfied the custody requirement: (i) the conviction could be used in future proceedings to enhance sentencing; (ii) the conviction renders him unable to serve on a jury; (iii) he was denied a veteran's vendor license by the New York City Department of Consumer Affairs; and (iv) his conviction was cited by the Department of Social Security in denying his application to become guardian for his mother. (*See* Dkt. #8 at 4; Report 5). Judge Aaron ultimately found that these collateral consequences did not satisfy the custody requirement. (Report 5).

Specifically, Judge Aaron reasoned that the Supreme Court has already explained that "'once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'" (Report 6 (quoting *Maleng* v. *Cook*, 490 U.S. 488, 492 (1989))). As a result, Judge Aaron determined that the collateral consequences Williams raised, such as the "'inability to become a citizen, vote, engage in certain businesses, hold public office, or serve as a juror' and 'increased future sentences,' are not sufficient to render an individual 'in custody.'"

> (Report 6 (quoting *Rodriguez* v. *Attorney Gen.*, No. 10 Civ. 3868 (PGG) (JLC), 2011 WL 519591, at *5 (S.D.N.Y. Feb. 15, 2011), *report and recommendation adopted*, 2011 WL 3875328 (S.D.N.Y. Sept. 2, 2011))). Judge Aaron further concluded that the other collateral consequences raised by Williams did not implicate his physical liberty and, as such, did not render him "in custody" within the meaning of § 2254. (Report 6 (citing *Nowakowski*, 835 F.3d at 216)). Because Williams was not in custody at the time that his petition was filed, Judge Aaron recommended that this Court find that it lacks jurisdiction to hear this case. (*Id.*).

2020 WL 4671578, at *1-2.

Objections to the Report were due on or before July 30, 2020. (Report 7). Neither party filed objections to the Report. After reviewing the Report and the record for clear error, on August 11, 2020, the Court adopted the Report and dismissed the case. *Williams I*, 2020 WL 4671578, at *3.

By letter dated August 27, 2020, Petitioner sought leave to file a motion for reconsideration. (Dkt. #25). Petitioner stated that he never received a copy of the Report and therefore was unaware that his objections were overdue. (*Id.*). By Order dated August 28, 2020, the Court set a briefing schedule for Petitioner's anticipated motion for reconsideration. (Dkt. #26). After several extensions, Petitioner filed his letter motion for reconsideration on November 9, 2020 (Dkt. #29), and filed an unsolicited supplemental addendum to his motion on November 14, 2020 (Dkt. #31), which addendum the Court accepted (Dkt. #32). Respondent filed a letter on December 22, 2020, taking the position that the Court should grant Petitioner's motion for reconsideration of *Williams I* and thereafter "[u]pon due consideration of [P]etitioner's objections to the [Report], the Court

4

should then issue a new order overruling [Petitioner's] objections, adopting the [Report], and dismissing the petition for lack of subject matter jurisdiction." (Dkt. #35). Accordingly, Petitioner's motion for reconsideration is fully briefed and ripe for decision.

## DISCUSSION

### A. Reconsideration Is Justified

#### 1. Applicable Law

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old

5

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

### 2. Analysis

To begin, Petitioner asks the Court to grant his motion for reconsideration in order to consider his objections to the Report because he did not receive a copy of the Report "prior to 8/18/2020," and as such, "[i]t [was] impossible for [Petitioner] to ... object before 8/11/2020, to a report & recommendation that [he] had never received or knew that it existed until after 8/18/2020." (Dkt. #25). The Court agrees. Petitioner states he had no knowledge or notice of the Report until receiving a copy of this Court's Opinion in *Williams I*, and therefore Petitioner says he was unaware that he needed to submit objections to the Report. (*Id.*). As such, this is not a situation in which Petitioner merely seeks a "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144. Rather, because Petitioner never received a copy of the Report, he was essentially denied the ability to submit his objections the Report.

The Court is aware that litigants have experienced issues receiving mail during the COVID-19 pandemic. Additionally, Respondents urge the Court to grant Petitioner's motion for reconsideration in order to consider the merits of his objections to the Report. (*See* Dkt. #35). Given these reasons, as well as Petitioner's *pro se* status, the Court determines that reconsideration is justified in order to prevent manifest injustice; it grants

Petitioner's motion for reconsideration and proceeds to review the merits of Petitioner's objections to the Report.

**B.     The Court Adopts the Report and Dismisses the Petition**

   **1.     Applicable Law**

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed.'" *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Where a party submits objections to a report and recommendation, as Petitioner has done here, the Court is obligated to review the contested issues *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Hynes* v. *Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). However, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker* v. *Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation marks omitted) (quoting *Barratt* v. *Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *see also Phillips* v. *Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) ("Objections that are 'merely perfunctory

responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review.'" (alteration omitted) (quoting *Vega* v. *Artuz*, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002))). And although *pro se* filings are read liberally and interpreted "'to raise the strongest arguments that they suggest[,]'" *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos* v. *Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)), "'even a *pro se* party's objections ... must be specific and clearly aimed at particular findings in the magistrate's proposal[,]'" *DiPilato* v. *7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quoting *Pinkney* v. *Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010)). Finally, "it is sufficient that the court 'arrive at its own independent conclusion' regarding those portions of the report to which objections are made"; the court "need not conduct a *de novo* hearing on the matter." *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019) (quoting *Nelson* v. *Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985)).

**2.    Analysis**

Section 2254 provides a means of relief for "a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91. It is not fatal to a collateral attack on a conviction that the petitioner is no longer in actual physical custody or on

8

parole, because "[t]he custody requirement may be satisfied by restraints other than 'actual, physical custody' incarceration.'" *Vega* v. *Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting *Jones* v. *Cunningham*, 371 U.S. 236, 239-40 (1963)). However, "penalties that do not impose a severe restraint on individual liberty or the imminent threat of such a restraint do not satisfy the 'in custody' requirement." *Vega*, 861 F.3d at 74. As such, whether Petitioner was "in custody" at the time he initiated the Petition is a threshold jurisdictional question that the Court must answer before addressing the merits of the Petition. *Accord Skinner* v. *Duncan*, No. 02 Civ. 0219 (DLC), 2005 WL 1633730, at *2 (S.D.N.Y. July 11, 2005).

Judge Aaron recommended that this Court dismiss the Petition for lack of jurisdiction because Petitioner was not "in custody" at the time that he filed the Petition. (Report 5-7). Judge Aaron noted that at the time Petitioner initiated this suit, he was not in physical custody, nor did he have any direct restraints on his liberty. (*Id.* at 5). As such, Judge Aaron analyzed whether there were any "severe restraints on Petitioner's individual liberty so as to satisfy the custody requirement." (*Id.*). Petitioner did not oppose Respondents' motion to dismiss, but Judge Aaron nevertheless reviewed all of Petitioner's filings and identified four different "collateral legal consequences" as potential restraints on his liberty, which collateral consequences Petitioner had raised in prior motion practice in this case. (*Id.* at 5-6).[2] After analyzing all four arguments, Judge Aaron determined that

---

2          As noted above, the four arguments raised by Petitioner and considered by Judge Aaron are that: (i) the conviction could be used in future proceedings to enhance sentencing; (ii) the conviction renders him unable to serve on a jury; (iii) he was denied a veteran's vendor license by the New York City Department of Consumer Affairs; and (iv) his conviction was cited by the Department of Social Security in

none imposed such a severe restriction on Petitioner's liberty as to render him "in custody" for the purposes of Section 2254. (*Id.*).

The Court has reviewed the record and agrees with Judge Aaron's sound reasoning and legal analysis that (i) Petitioner was not in physical custody when he filed the Petition; (ii) Petitioner had no direct restraints on his liberty when he filed the Petition; and (iii) the four collateral consequences Petitioner raised, taken individually or in the aggregate, were not sufficiently severe to render him "in custody." (*See* Report 5-6). The Court does not understand Petitioner to raise these arguments again in this motion for reconsideration (*see* Pet. Br.; Pet. Supp.), but for the sake of completeness, and after careful review of the record, the Court overrules any objections to the Report based on these arguments for the reasons previously articulated in the Report.

After reviewing Petitioner's submissions, the Court liberally construes Petitioner to raise one new argument in opposition to Respondents' motion to dismiss for lack of jurisdiction. Petitioner contends that a "mootness exception" to the "in custody" requirement applies here. (Pet. Br. 3). Specifically, Petitioner argues that New York State appellate courts improperly delayed in resolving his appeal of the underlying conviction, ensuring that he was no longer in custody by the time he filed the Petition. (*Id.* at 3-5). However, Petitioner misapprehends the relevant law and his arguments do not excuse the application of Section 2254's custody requirement.

---

denying his application to become guardian for his mother. (*See* Dkt. #8 at 4; Report 5).

Petitioner primarily relies on *Sibron* v. *New York*, 392 U.S. 40 (1969), and *Carafas* v. *LaVallee*, 391 U.S. 234 (1968), as well as several similar circuit court cases, to argue that his Petition is not mooted by his release from custody. (Pet. Br. 3-5, 9-14; Pet. Supp. 1-4). However, the cases cited by Petitioner stand for the proposition that a habeas petition is not rendered moot by release from custody *during the pendency* of a habeas proceeding; these cases do not suggest that a petitioner may *initiate* habeas proceedings after release from custody. *See, e.g.*, *Sibron*, 392 U.S. at 51-52; *Carafas*, 391 U.S. at 237-38. Accordingly, the so-called mootness exception to Section 2254's custody requirement does not apply here.

Prior to filing this Petition, Petitioner filed several other habeas petitions, first challenging his criminal proceedings and then his conviction on the same fraud charges. (*See* Dkt. #4 at 2 n.1 (citing *Williams* v. *Justs. of App. Div. 1st Dep't*, No. 14 Civ. 5522 (LAP) (S.D.N.Y. Jan. 6, 2015); *Williams* v. *NYCDOC Comm'r*, No. 14 Civ. 88 (LAP) (S.D.N.Y. Feb. 14, 2014); *Williams* v. *Rikers Island Warden*, No. 12 Civ. 221 (LAP) (S.D.N.Y. Mar. 8, 2012))). The Court understands Petitioner to argue that dismissal of some of his prior petitions on exhaustion grounds conflicts with the requirement that Petitioner must have been in custody at the time when he filed the Petition at issue in this case. (Pl. Supp. 3-4). The Court declines to reconsider habeas petitions previously litigated before another court in this District. If Petitioner disagrees with the resolution of his prior petitions on exhaustion grounds, the proper remedy is a motion for reconsideration before the

district court that resolved the earlier petition, followed by an appeal — not a collateral attack in this Court.[3]

In sum, because Petitioner cannot establish that he was in custody when he filed this appeal, nor that an exception to Section 2254's custody requirement applies to his case, the Petition must be dismissed for lack of jurisdiction.[4]

## CONCLUSION

For the reasons discussed above, Petitioner's motion for reconsideration is GRANTED, Petitioner's objections to the Report are OVERRULED, and the Petition is DISMISSED with prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case. The Clerk of Court is directed to mail a copy of this Opinion and Order to Petitioner.

SO ORDERED.

Dated: May 10, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[3] To the extent the mootness exception to the "in custody" requirement may be applicable as to Petitioner — and the Court is not determining that it is applicable — the proper place to raise it is in a case where federal jurisdiction attached in the first instance (*i.e.*, where Petitioner's habeas petition was filed while he was actually in custody).

[4] Petitioner also raises numerous arguments on the merits of his habeas petition, including arguments about purported misconduct of appellate counsel, unconstitutional delay in resolving his appeal, and allegations of fraud and misconduct in the underlying state court prosecution and appeal. (Pet. Br. 5-10). Because the Court determines that it lacks jurisdiction, it may not address Petitioner's arguments as to these issues on the merits.